UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNUM PROPERTY INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL C. PFEIFFER and DOES 1-10,<br><br>Defendant. | Case No.: 19-CV-00254<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>**[ECF No. 5.]** |

On December 17, 2018, Plaintiff Magnum Property Investments, LLC ("Plaintiff") filed an unlawful-detainer action in the Superior Court of California, County of San Diego. On February 5, 2019, pro se Defendant Marshall Pfeiffer ("Defendant") filed a Notice of Removal of the unlawful-detainer action, alleging that the Court has subject matter jurisdiction over it under 28 U.S.C. § 1331, § 1332(a), and 12 U.S.C. § 2605(e) (outlining the duty of loan servers to respond to borrower inquiries). (ECF No. 1, at 4). Defendant also alleged federal jurisdiction over the unlawful-detainer action by virtue of the related action before this Court (Case No. 3:18-CV-2551-GPC-JLB). *Id*.

Defendant alleges that this case presents a federal question because the paid amounts by Plaintiff in the underlying foreclosure sale provides evidence of a Fraudulent Interstate Transaction. *Id*. Defendant further argues that the amount in controversy is

$629,000, i.e., the alleged value of the property sold at the trustee's foreclosure. *Id.* Defendant also asserts the parties are diverse and alleges Plaintiff is a Delaware corporation. Furthermore, Defendant asserts this action must be removed to this Court because it is directly related to a pending action over which this Court already has subject-matter jurisdiction, i.e., Case No. 3:18-CV-2551-GPC-JLB.

On February 19, 2019, the Court issued an order for Defendant to show cause why the case should not be remanded for want of subject matter jurisdiction. The Court noted that remand was ordered in a nearly-identical scenario, where Plaintiff erroneously removed a complaint brought by Plaintiff in state court, i.e., *Magnum Property Investments, LLC v. Pfeiffer, et al.*, Case No. 3:18-CV-2855-GPC-JLB, ECF No. 6.

The docket reflects that the order to show cause was returned as undeliverable to Defendant. (ECF No. 7.) Defendant has made no other filings in the case since he removed the action on February 5, 2019. In light of the failure to respond to the order to show cause, the failure to prosecute the action, and because the Court lacks subject matter jurisdiction in this case for the reasons stated in Case No. 3:18-CV-2855-GPC-JLB, ECF No. 6, the Court will **REMAND** the action and **ORDER** the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: September 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge